UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD PAUL GILLIGAN,

                Plaintiff,

      v.

STEVEN HAMMOND, et al.,

                Defendants.

CASE NO. C12-180MJP-JPD

ORDER ADOPTING REPORT AND
RECOMMENDATION

This matter comes before the Court on Plaintiff's objections to the Report and

Recommendation prepared by Magistrate Judge Donohue. Having reviewed the Report and

Recommendation (Dkt. No. 24), Plaintiff's objections (Dkt. No. 26), Defendants' response (Dkt.

No. 27), and the remaining record, the Court ADOPTS the Report and Recommendation,

DISMISSES Plaintiff's § 1983 claim with prejudice, and DISMISSES Plaintiff's state law

claims without prejudice.

**Background**

Plaintiff Edward P. Gilligan, 60, is incarcerated at the Monroe Correctional Complex

("MCC") in Monroe, Washington. (Dkt. No. 16 at 3.) He suffers from serious back and spinal

1   problems, and in September 2007 underwent back surgery while confined at MCC. (Id. at 2.)

2   Plaintiff asserts that he has not been provided appropriate care for his condition since a post-

3   surgery appointment with the surgeon on October 4, 2007. (Dkt. No. 24 at 2.) He asserts that this

4   lack of adequate care has resulted in the deterioration of his condition, including loss of function

5   in his extremities, loss of mobility, and severe chronic pain. (Id.)

6           Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for violations of his Eighth

7   Amendment right to be free of cruel and unusual punishment and under Article I, § 14 of the

8   Washington State Constitution, which prohibits cruel punishment.  (Dkt. No. 16 at 7-10.)

9   Plaintiff identifies the following individual defendants in this action: Steven Hammond, MD,

10  Chief Medical Officer for the Washington Department of Corrections ("DOC"); Kenneth Lauren,

11  MD, Facility Medical Director at the MCC; David Kenney, MD, DOC Medical Director; Stuart

12  Andrews, MD, former Facility Medical Director at MCC; and Roberta Kanive, a Certified

13  Advanced Registered Nurse Practitioner ("ANRP") at MCC.[1] (Dkt. No. 24 at 1-2.) Plaintiff also

14  brings suit against Jane and John Does 1-10, who he identifies as "registered nurses, correctional

15  officers and other agents of the State of Washington." (Dkt. No. 16 at 4.)

16          Of the named Defendants, Plaintiff only alleges that two—Dr. Andrews and ANRP

17  Kanive—directly treated him. (Dkt. No. 24 at 3.) The remaining Defendants are sued in their

18  capacity as members of facility's Care Review Committee ("CRC"), which reviews the medical

19  necessity of proposed care for inmates. (Dkt. No. 26 at 11.)

20

21

22          [1] Plaintiff's original complaint included three other Defendants: the Monroe Correctional
    Complex, the Washington State Department of Corrections, and MCC Superintendent Scott
    Frakes. (Dkt. No. 8 at 1.) On February 24, 2012, Magistrate Judge Donohue dismissed the MCC
23  and the WSDOC defendants, because Washington had not waived its Eleventh Amendment
    immunity. (Dkt. No. 9.) Plaintiff has omitted Defendant Frakes in his amended complaint. (Dkt.
24  No. 16.)

1    In his Report and Recommendation, Magistrate Judge Donohue found that, because

2    Plaintiff failed to set forth any facts demonstrating that Defendants Hammond, Lauren and

3    Kenney personally participated in causing him any harm, Plaintiff had not adequately alleged a

4    cause of action against them under § 1983. (Dkt. No. 24 at 7.) Magistrate Judge Donohue also

5    found that Plaintiff failed to demonstrate that Defendants Kanive or Andrews were deliberately

6    indifferent to his medical needs. (Id. at 9.) In fact, Magistrate Judge Donohue found that the

7    evidence pointed to the opposite conclusion. (Id.) Because he recommended dismissing

8    Plaintiff's cause of action under § 1983, Magistrate Judge Donohue recommended that the Court

9    decline to exercise pendant jurisdiction over Plaintiff's state law claims, pursuant to United Mine

10   Workers v. Gibbs, 383 U.S. 715, 726 (1966). (Dkt. No. 24 at 9.)

11   Plaintiff includes two new assertions in his objections: (1) that, in March 2012, two new

12   doctors, Dr. Wright and Dr. Beiter, told Plaintiff that back surgery should have been done many

13   months earlier, and (2) that Defendants have failed to provide relevant documents in response to

14   his discovery requests, or have provided them in formats that are not accessible to him. (Dkt. No.

15   16 at 9, 3.) Defendants have filed a response brief arguing that the Court should adopt the Report

16   and Recommendation, but that, rather than declining to exercise jurisdiction over Plaintiff's state

17   constitutional claim, the Court should dismiss it with prejudice. (Dkt. No. 27 at 4.)

18                                                **Discussion**

19   A.  Legal Standard

20   The district court reviews the complaint, motion, and response de novo upon the filing of

21   objections to a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). To

22   survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

23   to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S.

24   544, 570 (2007). All allegations of material fact are taken as true and construed in the light most

1   favorable to the plaintiff. <u>Anderson v. Clow</u>, 89 F.3d 1399, 1403 (9th Cir. 1996). However,

2   conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

3   dismiss for failure to state a claim. <u>Id.</u>

4          In order to set forth a prima facie case under § 1983, a plaintiff must establish a

5   deprivation of a federally protected right. <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979). The

6   particular harm complained of must be scrutinized in light of specifically enumerated rights. <u>Id.</u>

7   That a plaintiff may have suffered harm, even if due to another's negligent conduct, does not

8   itself demonstrate a violation of constitutional protections. <u>Davidson v. Cannon</u>, 474 U.S. 344

9   (1986).

10          The Eighth Amendment imposes a duty upon prison officials to provide humane

11   conditions of confinement, including ensuring inmates receive adequate medical care. <u>Farmer v.</u>

12   <u>Brennan</u>, 511 U.S. 825, 834 (1994). To show a violation of the Eighth Amendment, a prisoner

13   must show (1) that the alleged wrongdoing was objectively "harmful enough" to establish a

14   constitutional violation, and (2) that the prison official acted with "deliberate indifference" to

15   inmate health or safety. <u>Id.</u> "Deliberate indifference" exists where a prison official both knows of

16   and disregards an excessive risk to inmate health or safety. <u>Id.</u> at 837.

17          B.  <u>Liability of Supervisors</u>

18          Plaintiff's § 1983 claims against Defendants Hammond, Lauren and Kenney fail because

19   Plaintiff does not set forth any facts demonstrating that these individuals personally participated

20   in causing his alleged harm. A defendant cannot be held liable under § 1983 solely on the basis

21   of supervisory responsibility or position. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658

22   (1978).  To be liable for causing the deprivation of a constitutional right, the particular defendant

23   must commit an affirmative act, or omit to perform an act that he or she is legally required to do,

24   and which causes the plaintiff's deprivation. <u>Arnold v. Int'l Bus. Mach.</u>, 637 F.2d 1350, 1355

(9th Cir. 1981) (citations omitted).  Here, Plaintiff alleges that Defendants Hammond, Lauren, and Kenney, while serving on the CRC, "malevolently failed to authorize appropriate medical treatment of Plaintiff, in a timely manner, resulting in medical harm and in catastrophic medical injury." (Dkt. No. 26 at 11.)

These are unsupported legal conclusions. Plaintiff's complaint, and the remaining record, contains no facts describing any decisions made by the CRC, or by any of these individuals, regarding Plaintiff's care. (Dkt. No. 24 at 7.) The record contains no evidence that these individuals were even aware of Plaintiff's concerns regarding his medical treatment. (Id.) In the absence of any evidence that Defendants Hammond, Lauren, and Kenny personally participated in causing his alleged harm, Plaintiff's § 1983 claim against these Defendants is dismissed.

C.  Liability of Treating Providers

Plaintiff's § 1983 claims against Dr. Stuart Andrews and ANRP Roberta Kanive also fail because Plaintiff alleges no facts that demonstrate Andrews and Kanive were deliberately indifferent to his health or safety. (Dkt. No. 24 at 7-9.) In his objections to Report and Recommendation, Plaintiff states that Dr. Andrews violated his Eighth Amendment rights by "failing to authorize timely tests" and "delaying serious needed treatment which he knew or should have known were critical and needed on a timely basis." (Dkt. No. 26 at 15.) Plaintiff states that ANRP Kanive violated his Eighth Amendment rights by "initiating improper treatments, failing to perform tests that any person in her position would have recognized as necessary and by delaying treatment by a qualified specialist." (Id. at 16.) Specifically, he alleges that "she failed to facilitate even such basic testing [as an MRI]," which was performed before Plaintiff underwent emergency back surgery in April 2012. (Id.)

Rather than showing deliberate indifference, Plaintiff's allegations point simply to differing opinions regarding his treatment. It is well established that differing opinions on

ORDER ADOPTING REPORT AND
RECOMMENDATION- 5

1    medical treatment do not amount to a violation under the Eighth Amendment. <u>Jackson v.</u>

2    <u>McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1989) (citations omitted). To prevail on an Eighth

3    Amendment claim in these circumstances, a plaintiff must show "that the course of treatment the

4    doctors chose was medically unacceptable under the circumstances" and "that they chose this

5    course in conscious disregard of an excessive risk to plaintiff's health." Id. Here, the medical

6    records show that Dr. Andrews acknowledged Plaintiff's complaints of pain, conducted physical

7    examinations, and ordered tests that he deemed medically appropriate. (Dkt. No. 15, Ex. 1.) The

8    records also show that ANRP Kanive worked with Plaintiff to find medications that would

9    relieve his pain, and provided him with instructions regarding leg and abdominal strengthening

10   exercises. (Dkt. No. 24 at 8.) The records show that ANRP Kanive recommended physical

11   therapy and an MRI exam. (<u>Id.</u>)  Rather than showing conscious disregard for Plaintiff's health,

12   the record shows, at most, a differing opinion on medical treatment that does not amount to a

13   constitutional violation. <u>See</u> <u>Jackson</u>, 90 F.3d at 332. Therefore, Plaintiff fails to state a claim

14   under § 1983 against Defendants Andrews and Kanive.

15          D.  <u>Discovery Issues</u>

16          Plaintiff's objections regarding discovery are insufficient to defeat Defendants' motion to

17   dismiss. Plaintiff asserts in his objections that Defendants are in possession of documents that

18   support his claims, "but have failed to provide the documents in response to discovery requests,

19   including interrogatories. (Dkt. No. 26 at 3.) Specifically, Plaintiff asserts that Defendants "have

20   asserted the requested documents, records, and evidence will be provided at some later time, or

21   have offered to provide the information in a form that is not accessible to Plaintiff, such as a

22   compack [sic] disk formatted so as to be unreadable to Plaintiff." (<u>Id.</u>) Plaintiff's discussion of

23   these discovery issues includes a citation to his attached declaration, but the declaration fails to

24   mention any problems he has experienced in obtaining discovery. (<u>Id.</u> at 3, 21-25.)

1    The appropriate way to respond to issues in the discovery process is to bring them before

2  the Court in a timely manner. See Fed. R. Civ. P. 37. Specifically, if the party on whom

3  interrogatories were served serves answers that the interrogating party considers evasive or

4  incomplete, and if the propounding party has tried unsuccessfully to negotiate a resolution of the

5  dispute, a motion for an order compelling answers may be appropriate. See Fed. R. Civ. P.

6  37(a)(3)(B), (4). Plaintiff asks the Court, as an alternative to dismissing this case with prejudice,

7  to dismiss it without prejudice so that he may re-file it when he obtains more recent medical

8  records. (Dkt. No. 28 at 18.) The Court DENIES this request for two reasons. First, Plaintiff does

9  not describe with any specificity which documents he requires or articulate how they would

10  strengthen his case. Second, Plaintiff fails to show that he has tried, but failed, to obtain the

11  relevant discovery through the prescribed process. Plaintiff's vague references to problems in the

12  discovery process are insufficient to defeat Defendants' motion to dismiss.

13    E.   Plaintiff's State Law Claims

14    Lastly, because Plaintiff has failed to state any federal claims, the Court declines to

15  exercise pendent jurisdiction over his remaining state law claims. See United Mine Workers v.

16  Gibbs, 383 U.S. 715, 726 (1966) (federal courts should refrain from exercising pendent

17  jurisdiction when federal claims are dismissed before trial). Plaintiff's amended complaint

18  includes a claim under art. I, § 14 of the Washington State Constitution. (Dkt. No. 16.) His

19  original complaint also included state law tort claims, but he has dropped these claims in his

20  amended complaint. (Cf. Dkt. Nos. 8, 16.) Although Defendants urge the Court to dismiss the

21  state law claims, they offer no reason why the Court should exercise jurisdiction over state law

22  issues. (Dkt. No. 27 at 4.) Plaintiff's state law claims therefore are dismissed without prejudice.

23

24

1 **Conclusion**

2     Plaintiff's § 1983 claim fails because Plaintiff does not plausibly allege that the

3 supervisor Defendants personally participated in his care or that the treating Defendants acted

4 with deliberate indifference. Plaintiff's vague, untimely complaints about the discovery process

5 are insufficient to defeat Defendants' motion to dismiss. Because Plaintiff has failed to state a

6 claim, his § 1983 claim is DISMISSED with prejudice. Because the Court has dismissed all

7 federal claims, the Court declines to exercise jurisdiction over Plaintiff's remaining state law

8 claim, and DISMISSES it without prejudice.

9     The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

10     Dated this 28th day of January, 2013.

11

12

13

Marsha J. Pechman
14 United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION- 8