UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD PAUL GILLIGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN HAMMOND, et al.,<br><br>    Defendants. | CASE NO. C12-180MJP-JPD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff's objections to the Report and Recommendation prepared by Magistrate Judge Donohue. Having reviewed the Report and Recommendation (Dkt. No. 24), Plaintiff's objections (Dkt. No. 26), Defendants' response (Dkt. No. 27), and the remaining record, the Court ADOPTS the Report and Recommendation, DISMISSES Plaintiff's § 1983 claim with prejudice, and DISMISSES Plaintiff's state law claims without prejudice.

**Background**

Plaintiff Edward P. Gilligan, 60, is incarcerated at the Monroe Correctional Complex ("MCC") in Monroe, Washington. (Dkt. No. 16 at 3.) He suffers from serious back and spinal

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

1  problems, and in September 2007 underwent back surgery while confined at MCC. (Id. at 2.)

2  Plaintiff asserts that he has not been provided appropriate care for his condition since a post-

3  surgery appointment with the surgeon on October 4, 2007. (Dkt. No. 24 at 2.) He asserts that this

4  lack of adequate care has resulted in the deterioration of his condition, including loss of function

5  in his extremities, loss of mobility, and severe chronic pain. (Id.)

6     Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for violations of his Eighth

7  Amendment right to be free of cruel and unusual punishment and under Article I, § 14 of the

8  Washington State Constitution, which prohibits cruel punishment. (Dkt. No. 16 at 7-10.)

9  Plaintiff identifies the following individual defendants in this action: Steven Hammond, MD,

10 Chief Medical Officer for the Washington Department of Corrections ("DOC"); Kenneth Lauren,

11 MD, Facility Medical Director at the MCC; David Kenney, MD, DOC Medical Director; Stuart

12 Andrews, MD, former Facility Medical Director at MCC; and Roberta Kanive, a Certified

13 Advanced Registered Nurse Practitioner ("ANRP") at MCC.[1] (Dkt. No. 24 at 1-2.) Plaintiff also

14 brings suit against Jane and John Does 1-10, who he identifies as "registered nurses, correctional

15 officers and other agents of the State of Washington." (Dkt. No. 16 at 4.)

16    Of the named Defendants, Plaintiff only alleges that two—Dr. Andrews and ANRP

17 Kanive—directly treated him. (Dkt. No. 24 at 3.) The remaining Defendants are sued in their

18 capacity as members of facility's Care Review Committee ("CRC"), which reviews the medical

19 necessity of proposed care for inmates. (Dkt. No. 26 at 11.)

---

[1] Plaintiff's original complaint included three other Defendants: the Monroe Correctional Complex, the Washington State Department of Corrections, and MCC Superintendant Scott Frakes. (Dkt. No. 8 at 1.) On February 24, 2012, Magistrate Judge Donohue dismissed the MCC and the WSDOC defendants, because Washington had not waived its Eleventh Amendment immunity. (Dkt. No. 9.) Plaintiff has omitted Defendant Frakes in his amended complaint. (Dkt. No. 16.)

In his Report and Recommendation, Magistrate Judge Donohue found that, because Plaintiff failed to set forth any facts demonstrating that Defendants Hammond, Lauren and Kenney personally participated in causing him any harm, Plaintiff had not adequately alleged a cause of action against them under § 1983. (Dkt. No. 24 at 7.) Magistrate Judge Donohue also found that Plaintiff failed to demonstrate that Defendants Kanive or Andrews were deliberately indifferent to his medical needs. (Id. at 9.) In fact, Magistrate Judge Donohue found that the evidence pointed to the opposite conclusion. (Id.) Because he recommended dismissing Plaintiff's cause of action under § 1983, Magistrate Judge Donohue recommended that the Court decline to exercise pendant jurisdiction over Plaintiff's state law claims, pursuant to United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). (Dkt. No. 24 at 9.)

Plaintiff includes two new assertions in his objections: (1) that, in March 2012, two new doctors, Dr. Wright and Dr. Beiter, told Plaintiff that back surgery should have been done many months earlier, and (2) that Defendants have failed to provide relevant documents in response to his discovery requests, or have provided them in formats that are not accessible to him. (Dkt. No. 16 at 9, 3.) Defendants have filed a response brief arguing that the Court should adopt the Report and Recommendation, but that, rather than declining to exercise jurisdiction over Plaintiff's state constitutional claim, the Court should dismiss it with prejudice. (Dkt. No. 27 at 4.)

**Discussion**

A. Legal Standard

The district court reviews the complaint, motion, and response de novo upon the filing of objections to a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). All allegations of material fact are taken as true and construed in the light most

ORDER ADOPTING REPORT AND
RECOMMENDATION- 3

1 favorable to the plaintiff. Anderson v. Clow, 89 F.3d 1399, 1403 (9th Cir. 1996). However,

2 conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

3 dismiss for failure to state a claim. Id.

4     In order to set forth a prima facie case under § 1983, a plaintiff must establish a

5 deprivation of a federally protected right. Baker v. McCollan, 443 U.S. 137, 140 (1979). The

6 particular harm complained of must be scrutinized in light of specifically enumerated rights. Id.

7 That a plaintiff may have suffered harm, even if due to another's negligent conduct, does not

8 itself demonstrate a violation of constitutional protections. Davidson v. Cannon, 474 U.S. 344

9 (1986).

10     The Eighth Amendment imposes a duty upon prison officials to provide humane

11 conditions of confinement, including ensuring inmates receive adequate medical care. Farmer v.

12 Brennan, 511 U.S. 825, 834 (1994). To show a violation of the Eighth Amendment, a prisoner

13 must show (1) that the alleged wrongdoing was objectively "harmful enough" to establish a

14 constitutional violation, and (2) that the prison official acted with "deliberate indifference" to

15 inmate health or safety. Id. "Deliberate indifference" exists where a prison official both knows of

16 and disregards an excessive risk to inmate health or safety. Id. at 837.

17     B.  Liability of Supervisors

18     Plaintiff's § 1983 claims against Defendants Hammond, Lauren and Kenney fail because

19 Plaintiff does not set forth any facts demonstrating that these individuals personally participated

20 in causing his alleged harm. A defendant cannot be held liable under § 1983 solely on the basis

21 of supervisory responsibility or position. See Monell v. Dep't of Soc. Servs., 436 U.S. 658

22 (1978).  To be liable for causing the deprivation of a constitutional right, the particular defendant

23 must commit an affirmative act, or omit to perform an act that he or she is legally required to do,

24 and which causes the plaintiff's deprivation. Arnold v. Int'l Bus. Mach., 637 F.2d 1350, 1355

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4

(9th Cir. 1981) (citations omitted). Here, Plaintiff alleges that Defendants Hammond, Lauren, and Kenney, while serving on the CRC, "malevolently failed to authorize appropriate medical treatment of Plaintiff, in a timely manner, resulting in medical harm and in catastrophic medical injury." (Dkt. No. 26 at 11.)

These are unsupported legal conclusions. Plaintiff's complaint, and the remaining record, contains no facts describing any decisions made by the CRC, or by any of these individuals, regarding Plaintiff's care. (Dkt. No. 24 at 7.) The record contains no evidence that these individuals were even aware of Plaintiff's concerns regarding his medical treatment. (Id.) In the absence of any evidence that Defendants Hammond, Lauren, and Kenny personally participated in causing his alleged harm, Plaintiff's § 1983 claim against these Defendants is dismissed.

C.  Liability of Treating Providers

Plaintiff's § 1983 claims against Dr. Stuart Andrews and ANRP Roberta Kanive also fail because Plaintiff alleges no facts that demonstrate Andrews and Kanive were deliberately indifferent to his health or safety. (Dkt. No. 24 at 7-9.) In his objections to Report and Recommendation, Plaintiff states that Dr. Andrews violated his Eighth Amendment rights by "failing to authorize timely tests" and "delaying serious needed treatment which he knew or should have known were critical and needed on a timely basis." (Dkt. No. 26 at 15.) Plaintiff states that ANRP Kanive violated his Eighth Amendment rights by "initiating improper treatments, failing to perform tests that any person in her position would have recognized as necessary and by delaying treatment by a qualified specialist." (Id. at 16.) Specifically, he alleges that "she failed to facilitate even such basic testing [as an MRI]," which was performed before Plaintiff underwent emergency back surgery in April 2012. (Id.)

Rather than showing deliberate indifference, Plaintiff's allegations point simply to differing opinions regarding his treatment. It is well established that differing opinions on

ORDER ADOPTING REPORT AND
RECOMMENDATION- 5

medical treatment do not amount to a violation under the Eighth Amendment. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1989) (citations omitted). To prevail on an Eighth Amendment claim in these circumstances, a plaintiff must show "that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Id. Here, the medical records show that Dr. Andrews acknowledged Plaintiff's complaints of pain, conducted physical examinations, and ordered tests that he deemed medically appropriate. (Dkt. No. 15, Ex. 1.) The records also show that ANRP Kanive worked with Plaintiff to find medications that would relieve his pain, and provided him with instructions regarding leg and abdominal strengthening exercises. (Dkt. No. 24 at 8.) The records show that ANRP Kanive recommended physical therapy and an MRI exam. (Id.)  Rather than showing conscious disregard for Plaintiff's health, the record shows, at most, a differing opinion on medical treatment that does not amount to a constitutional violation. See Jackson, 90 F.3d at 332. Therefore, Plaintiff fails to state a claim under § 1983 against Defendants Andrews and Kanive.

     D.   Discovery Issues

Plaintiff's objections regarding discovery are insufficient to defeat Defendants' motion to dismiss. Plaintiff asserts in his objections that Defendants are in possession of documents that support his claims, "but have failed to provide the documents in response to discovery requests, including interrogatories. (Dkt. No. 26 at 3.) Specifically, Plaintiff asserts that Defendants "have asserted the requested documents, records, and evidence will be provided at some later time, or have offered to provide the information in a form that is not accessible to Plaintiff, such as a compack [sic] disk formatted so as to be unreadable to Plaintiff." (Id.) Plaintiff's discussion of these discovery issues includes a citation to his attached declaration, but the declaration fails to mention any problems he has experienced in obtaining discovery. (Id. at 3, 21-25.)

The appropriate way to respond to issues in the discovery process is to bring them before the Court in a timely manner. <u>See</u> Fed. R. Civ. P. 37. Specifically, if the party on whom interrogatories were served serves answers that the interrogating party considers evasive or incomplete, and if the propounding party has tried unsuccessfully to negotiate a resolution of the dispute, a motion for an order compelling answers may be appropriate. <u>See</u> Fed. R. Civ. P. 37(a)(3)(B), (4). Plaintiff asks the Court, as an alternative to dismissing this case with prejudice, to dismiss it without prejudice so that he may re-file it when he obtains more recent medical records. (Dkt. No. 28 at 18.) The Court DENIES this request for two reasons. First, Plaintiff does not describe with any specificity which documents he requires or articulate how they would strengthen his case. Second, Plaintiff fails to show that he has tried, but failed, to obtain the relevant discovery through the prescribed process. Plaintiff's vague references to problems in the discovery process are insufficient to defeat Defendants' motion to dismiss.

E.   Plaintiff's State Law Claims

Lastly, because Plaintiff has failed to state any federal claims, the Court declines to exercise pendent jurisdiction over his remaining state law claims. <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) (federal courts should refrain from exercising pendent jurisdiction when federal claims are dismissed before trial). Plaintiff's amended complaint includes a claim under art. I, § 14 of the Washington State Constitution. (Dkt. No. 16.) His original complaint also included state law tort claims, but he has dropped these claims in his amended complaint. (<u>Cf.</u> Dkt. Nos. 8, 16.) Although Defendants urge the Court to dismiss the state law claims, they offer no reason why the Court should exercise jurisdiction over state law issues. (Dkt. No. 27 at 4.) Plaintiff's state law claims therefore are dismissed without prejudice.

**Conclusion**

Plaintiff's § 1983 claim fails because Plaintiff does not plausibly allege that the supervisor Defendants personally participated in his care or that the treating Defendants acted with deliberate indifference. Plaintiff's vague, untimely complaints about the discovery process are insufficient to defeat Defendants' motion to dismiss. Because Plaintiff has failed to state a claim, his § 1983 claim is DISMISSED with prejudice. Because the Court has dismissed all federal claims, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claim, and DISMISSES it without prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated this 28th day of January, 2013.

Marsha J. Pechman
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 8